UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LLOYD H. PEGUES,
               Appellant,

      v.

DEPARTMENT OF HOUSING AND
   URBAN DEVELOPMENT,
              Agency.

DOCKET NUMBER
DA-315H-23-0164-I-1

DATE: July 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lloyd H. Pegues</u>, San Antonio, Texas, pro se.

<u>Marcus R Patton</u>, Esquire, and <u>Kimberly Quirk</u>, Esquire, Fort Worth, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction because he lacked Board appeal rights as a probationary employee with less than 1 year of Federal service.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On petition for review, the appellant does not contest the administrative judge's determinations that the appellant was not an employee with 5 U.S.C. chapter 75 appeal rights when the agency terminated him and that the appellant failed to make a nonfrivolous allegation of jurisdiction over a probationary termination appeal under 5 C.F.R. part 315, subpart H. Initial Appeal File (IAF), Tab 8, Initial Decision (ID) at 3-4. We find no basis to disturb the initial decision.

¶3 The appellant argues that the administrative judge did not consider his request for reasonable accommodation. Petition for Review (PFR) File, Tab 2 at 4. Before the administrative judge, he argued that, due to his disabling medical conditions, the agency should have given him a reasonable amount of time to review and sign the Official Form (OF) 306 before he signed it on his first day of employment. Initial Appeal File (IAF), Tab 1 at 5, Tab 4 at 5. However, we agree with the administrative judge's conclusion that, absent an otherwise appealable action, the Board lacks jurisdiction over an allegation that the

appellant was not provided with reasonable accommodation during the application process. *See McDonnell v. Department of the Navy*, 84 M.S.P.R. 380, ¶ 11 (1999); *Jafri v. Department of the Treasury*, 68 M.S.P.R. 216, 220-21 (1995), *aff'd*, 78 F.3d 604 (Fed. Cir. 1996).

¶4        Additionally, the appellant states that he is "still waiting" on documents from a Freedom of Information Act (FOIA) request, which he attaches to his petition for review. PFR File, Tab 2 at 4, 15-19. The Board may grant a petition for review when new and material evidence is available that, despite the petitioner's due diligence, was not available when the record closed. 5 C.F.R. § 1201.115(d). To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Id.* In his FOIA request, the appellant requested all paper and electronic documents concerning his February 3, 2023 termination and matters related to him from January 17 to February 18, 2023. PFR File, Tab 2 at 17. The FOIA request is not new because it predates the issuance of the initial decision and the record does not show that the appellant informed the administrative judge about this request or requested a continuance or a reopening of the record. *See Cromwell v. Office of Personnel Management*, 8 M.S.P.R. 722, 725 (1981). Additionally, the documents he requested in the FOIA filing are not new because they pertain to situations that occurred before or upon his termination. PFR File, Tab 2 at 17. The appellant could have sought such documents through discovery, the process of which was explained in the administrative judge's acknowledgment order. IAF, Tab 2 at 6-7. Furthermore, these documents are not material because there is no indication that the information he seeks is pertinent to the jurisdictional issues relevant to this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Therefore, we find that the documents related to the FOIA request are neither new nor material. Thus, they are not a basis for disturbing the initial decision.

¶5      The appellant also attaches other alleged new evidence to his petition for review, including a medical note, the agency's interrogatories to the appellant, a "VA/DoD eBenefits" page, and a "steps to complete" an OF-306 page. PFR File, Tab 2 at 6-14, 20. These documents were dated and contained information that was available before the record closed and/or the issuance of the initial decision. *Id.* Therefore, they are not new. *See* 5 C.F.R. § 1201.115(d). Additionally, the documents either address the appellant's request for reasonable accommodation or concern the merits of the termination. PFR File, Tab 2 at 6-14, 20. They do not pertain to the issue of jurisdiction and are therefore not material to the outcome of the appeal. *See Russo*, 3 M.S.P.R. at 349.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.